# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3442

_____

Mark Maples,                                    *
                                                *
            Appellant,                          *
                                                *
     v.                                         *
                                                *
City of Crystal City, Missouri; James           *
Siebert, individually and in his official       *
capacity as Mayor of the City of Crystal        *
City, MO; Daniel Busken, individually           *
and in his official capacity as Chief of        *
Police of the City of Crystal City; Scott       *   Appeal from the United States
Boyer, individually and in his official         *   District Court for the Eastern
capacity as Chairman of the Crystal City        *    District of Missouri.
Police Personnel Board; Sterling Cook,          *
individually and in his official capacity        *
as a Board Member of the Crystal City           *        [UNPUBLISHED]
Police Personnel Board; Helen Church,           *
individually and in her official capacity        *
as a Board Member of the Crystal City           *
Police Personnel Board; Herman Meyer,           *
individually and in his official capacity        *
as a Board Member of the Crystal City           *
Police Personnel Board,                         *
                                                *
            Appellees.                          *

_____

Submitted:  October 18, 1999

Filed:   October 27, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Crystal City police officer Mark Maples was terminated for violation of his official duties. Maples appealed his termination to the Police Personnel Board (Board), which upheld the termination. He then filed suit against Crystal City, its mayor, its police chief, and the Board members (collectively Crystal City), claiming his constitutional rights to due process and privacy were violated and that the Board decision was erroneous under state law. The district court granted Crystal City's motion for summary judgment, and Maples now appeals.

Initially, we must consider Crystal City's motion to strike parts of Maples's appendix because Maples did not present the disputed evidence in the district court. Although Maples acknowledges in his brief that defeat of Crystal City's summary judgment motion required him to present evidence that would allow the district court to find he was wrongfully terminated, he neither presented the disputed evidence nor explained his failure to do so. Because Maples cannot "place an incomplete record before the district court and then, after correcting any deficiencies noted by that court, . . . complain of error on appeal," Rivers-Frison v. Southeast Missouri Community Treatment Ctr., 133 F.3d 616, 619 n.2 (8th Cir. 1998), we grant Crystal City's motion to strike and do not consider any evidence not presented to the district court.

On appeal, Maples contends the district court improperly granted summary judgment to Crystal City because genuine issues of material fact exist regarding the true basis for his termination. Maples claims the Board upheld his termination not for violations of his official duties, but for his sexual relationship with a subordinate officer, an act that did not violate police policy or subject him to termination. Maples

argues the Board's pretext tainted the entire termination process, violating his rights to due process and to privacy. We disagree. Having carefully reviewed the record, we conclude the district court properly granted summary judgment for Crystal City and affirm for the reasons stated in the district court's thorough opinion. See 8th Cir. R. 47B.

Finally, Crystal City asks this court to award costs and attorney's fees incurred on appeal because Maples's appeal is frivolous. See Fed. R. App. P. 38. Maples and his attorney knew or should have known when Maples filed his appeal the evidence he was relying on in making his arguments was not properly before this court. Based on the evidence presented to the district court, we conclude Maples's claim is "groundless, [and] that [Maples] continued to litigate after it clearly became so," making his appeal frivolous. See Standridge Flying Serv. v. Department of Transp., 712 F.2d 1223, 1224 n.2 (8th Cir. 1983) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). We thus grant Crystal City's motion for costs of $279.00 and reasonable attorney's fees incurred on appeal in the amount of $3,607.50.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.